By the Court.
The question presented to us is this — Where a person is charged in the police court of Cincinnati, with a violation of the Owen law, is he, or the prosecuting attorney of such court, under the laws of the state, entitled to a struck jury for the trial of the question of his guilt or innocence of such charge ?
It is conceded that sec. 5184, Rev. Stats., is~the only warrant for a struck jury in any case. — It provides that “ any party to an action may demand a struck jury for the trial of any issue of fact therein,” and the succeeding part of this, and the three next sections, point out the manner in which it is to be selected and impanelled. — The claim of the counsel for the relator is, that the language quoted, is broad enough to cover a case pending in the police court of Cincinnati.
But a glance at the Revised Statutes will show that these sections are contained in Part Third, Title 1, and apply only to “ procedure in the courts of common pleas, superior courts, and district (now circuit) courts on appeal,” and so far as appears therefrom, do not have the slightest reference to proceedings and practice before justices of the peace, mayors, police courts, or of any other than the three before mentioned. And if they do apply to proceedings in .any other tribunal, it must be by virtue of other^and different provisions of the statutes. For it is further manifest from the language of the sections cited, that it is the clerkZof the court of common pleas (who by virtue of his office, is clerk also of the circuit and superior courts), whojis tojact'under such sections. *82 That outside of Hamilton county, such clerk calls to his assistance two other county officers, to select the names of the panel, and in Hamilton county, the presiding judge of the one of the three said courts-in which the action is pending for trial, is to do this. And when selected, the jurors are to be summoned by the officer of such court. Clearly this can not apply to the police court; and a party to an action there pending, can not call upon the judge and officers of another court to provide a jury for the trial of an issue of fact therein.
It is urged that as the Supreme Court has held that either party in a criminal case is entitled to a struck jury, and sec. 5185 is in the code of civil procedure, that it is only by implication that the Supreme Court applied this to criminal cases, and that the same implication should be held to exist in this case.
The decision of the Supreme Court, that struck juries were demandable in criminal cases (10 Ohio St. 449), was under the law of March 12, 1858 (Swan’s Stat. 492), which allowed them “ in the district court and court of common pleas,” and without limiting them to civil cases. The code of criminal procedure as it now stands, sec. 7276, makes the provisions of the law as to juries in civil cases, apply to all criminal cases except those in which a capital offense is charged, which makes sec. 5185 apply to criminal cases. Is there any law which applies these sections as to struck juries to the police court?
Section 1798, provides that jurors in the police court, “ shall be selected, summoned and impanelled in accordance with an ordinance of the council; or if no such ordinance is in force, in accordance with a rule of the court.” It is conceded that an ordinance was passed by the council of the city, and is in force, providing therefor, but which does not authorize a struck jury. The jury thus provided for by the ordinance, we hold to be exclusive, unless, there is some other provision of law, making sec. 5785, applicable to the police court. We find nothing which in the slightest degree gives color to this idea.
We are urged by counsel for the relator to grant this writ, to prevent a failure of justice in the prosecutions under the Owen law, and that the attempted administration of the law *83 may not be brought into contempt. It may be that under the peculiar circumstances now existing, the result of the mode of procuring juries in that court as fixed by ordinance, does not work satisfactorily. But even if this be so, where it is the only and exclusive mode fixed by the law, it would not be fitting or right that a court established to administer the law, should entirely disregard its plain provisions, whatever evils may attend its enforcement. This is a matter to be corrected by legislation, and not by judicial assumption. If such evils exist, they can be corrected by the council or by the legislature. But it may well be doubted whether the enactment of a law or ordinance by which a struck jury, to be selected by the judge of the police court, or in any other manner, would be a panacea for all of the ills complained of. In the first place, it is a cumbrous provision for a court of that character, in which a speedy administration of the law seems almost a necessity. And while if the names from which the jury is to be chosen are honestly and fairly selected, the probability is that a fair jury may be put into the box, the same may be said of the present system of wheel juries. And in the one case as in the other reliance must be had upon those who select the names from which the jurors must be chosen. And as the council of the city in the exercise of the clear power conferred upon it by the legislature has passed an ordinance, fixing and determining the manner in which juries in that court are to be selected, and we find no law of the state which justifies us in holding that there can be a struck jury there, the application made to require the judge of that court to select names therefor in accordance with the terms of sec. 5785, must be denied.
W. L. Dickson, attorney for relator.
No counsel appeared for the defendant.